UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

INSULATION COATINGS & CONSULTANTS LLC,

                Plaintiff,

      v.                                **DECISION AND ORDER**
                                                 22-CV-845S

LIBERTY MUTUAL INSURANCE COMPANY,

                Defendant.

Presently before this Court are Defendant Liberty Mutual Insurance Company's motion for reconsideration and Plaintiff Insulation Coatings & Consultants LLC's ("ICC") motion to disqualify counsel.   (Docket Nos. 9, 13.)   For the reasons that follow, Liberty Mutual's motion is denied, and ICC's motion is denied as moot.

On October 31, 2018, ICC sued Liberty Mutual in New York state court claiming that Liberty Mutual failed to pay it $1,059,386 under a Labor and Materials Bond and a Performance Bond procured by LPCiminelli, Inc.   (Notice of Removal, Docket No. 1, ¶¶ 2, 3.)   ICC brought its claim against Liberty Mutual after LPCiminelli, a general contractor, failed to pay ICC for work it performed in connection with the State University of New York at Buffalo School of Medicine & Biomedical Sciences Building Project.   (Id. ¶ 4.)

While the state-court action was pending, ICC filed a voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on August 9, 2022, in the United States Bankruptcy Court for the Western District of Pennsylvania (Erie Division).   (Id. ¶ 1.)   Shortly thereafter, on November 7, 2022, ICC removed the state-court action to

federal court under 28 U.S.C. § 1452 on the basis that the state-court action contained claims over which this Court has jurisdiction under 28 U.S.C. § 1334.   (Notice of Removal, ¶¶ 8, 9.)

Contemporaneously, ICC moved to transfer venue from this Court to the United States District Court for the Western District of Pennsylvania (Erie Division) for subsequent referral to the bankruptcy court there under the Western District of Pennsylvania's October 16, 1984 Standing Order, which would allow for consolidation of the claims into the pending bankruptcy action.   (Docket No. 3.)   ICC served both the notice of removal and its motion to transfer venue on Liberty Mutual's registered corporate agent by mail.   (Docket No. 4.)

Despite having been duly served, Liberty Mutual failed to appear in this action to contest either removal or ICC's motion to transfer venue.   Consequently, on February 2, 2023, this Court entered a Text Order granting Plaintiff's motion to transfer as unopposed and directed the Clerk of Court to transfer the action to the United States District Court for the Western District of Pennsylvania (Erie Division), where it is actively being litigated in the bankruptcy court.   (Docket No. 8.)   A little more than six weeks later, Liberty Mutual moved for reconsideration under this Court's inherent authority.   (Docket Nos. 9, 12, 14.)   ICC then moved to disqualify Liberty Mutual's counsel.   (Docket Nos. 13, 15.)

A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment.   See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the

need to correct a clear error of law or to prevent manifest injustice.   See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, at *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny a motion to reconsider lies in the court's discretion.   See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).   Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, at *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire & Cas., 817 F. Supp. 538, 541 (M.D. Pa. 1993)).   Motions for reconsideration are not to be used to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision.   See Duane, 1994 WL 494651 at *1.   After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge."   Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994).

Upon consideration of Liberty Mutual's motion, this Court is not convinced that its previous decision must be revisited to prevent manifest injustice, as argued.   This Court granted ICC's transfer motion on the grounds that Liberty Mutual failed to appear in the action to contest either removal or transfer, despite having been properly served. (Docket No. 8.)   Liberty Mutual now challenges the determination that service was

3

proper.   According to Liberty Mutual, ICC knew that it was a represented party and therefore should have served its counsel instead of its registered agent.   ICC maintains that service on the registered agent was appropriate because Liberty Mutual was an unrepresented party at the time it filed its notice of removal and motion to transfer.

Rule 5 (b)(1) of the Federal Rules of Civil Procedure provides that service of pleadings and other papers must be made on a represented party through their attorney, unless the court orders service on the party.   Citing this rule, Liberty Mutual first claims that ICC was obligated to serve its attorney, Guy Agostinelli, Esq., who had previously secured Liberty Mutual a general extension to answer the complaint in state court. According to Agostinelli's declaration, however, he represented "the interests" of Liberty Mutual in 2017 and 2018, some four or five years before the notice of removal and motion to transfer were filed and served on November 7, 2022.   (Declaration of Guy J. Agostinelli, Docket No. 9-20, ¶ 2.)   Notably absent from Agostinelli's declaration is any contention that he represented Liberty Mutual in November 2022 or that he would have expected to be served at that time.   Liberty Mutual has therefore failed to establish that it was represented by Agostinelli on either a formal or informal basis on November 7, 2022, such that attorney service was required under Rule 5 (b)(1).[1]

Liberty Mutual next claims that ICC should have served its current counsel, Woods Oviatt, under Rule 5 (b)(1).   Here again, however, Liberty Mutual fails to establish that it was represented by Woods Oviatt on November 7, 2022.   The earliest involvement of

---

[1] For this reason, Liberty Mutual's reliance on Hutton v. Fisher is unpersuasive, since Hutton involved continuing representation by defense counsel.   359 F.2d 913 (3d Cir. 1966).

Woods Oviatt in this matter appears to be a November 22, 2022 email requesting withdrawal of this suit.   (Declaration of William F. Savino, Docket No. 9-1, ¶ 21.)   And even that email indicates that Woods Oviatt did not yet represent Liberty Mutual.   Id. Liberty Mutual has therefore failed to establish that it was represented by Woods Oviatt at the relevant time, such that attorney service was required under Rule 5 (b)(1).

In a final bid, Liberty Mutual argues that service on its registered agent through the mails was deficient because service through the mails under New York is not complete until acknowledgement of service, which ICC failed to file.   See N.Y. C.P.L.R. § 312-a(b)(1).   But once a case is removed, the federal rules apply.   See Fed. R. Civ. Pro. 81 (c)(1) ("[The Federal Rules of Civil Procedure] apply to a civil action after it is removed from a state court.")   And under Rule 5 (b)(2)(C), service can be made on an unrepresented party through mailing to the last known address, which service is complete upon mailing, not acknowledgement.   Liberty Mutual therefore fails to establish that service on its registered agent through the mails was improper.

This Court granted ICC's motion to transfer because Liberty Mutual failed to appear to defend it after having been properly served.   That being the thrust of the decision, and Liberty Mutual having failed to establish any error in that determination or any of the three circumstances under which reconsideration may be warranted, it is unnecessary for this Court to address the Liquidating Agreements, whether this is a "core matter," or the terms of the bonds.   Those issues can and are being litigated in the bankruptcy court, which further weighs against a finding of manifest injustice.

Accordingly, this Court finds that the motion for reconsideration must be denied. So too, ICC's motion to disqualify counsel will be denied as moot, since this Court will not reconsider its previous decision.

IT HEREBY IS ORDERED, that Liberty Mutual's Motion for Reconsideration (Docket No. 9) is DENIED.

FURTHER, that ICC's Motion to Disqualify Counsel (Docket No. 13) is DENIED AS MOOT.

SO ORDERED.

Dated:   July 11, 2023
         Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge

6